NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ANTONIO JIMENEZ, | ) | No. C 09-04862 JF (PR) |
|---|---|---|
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| C. NOLL, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California inmate currently incarcerated at the Correctional Training Facility in Soledad, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2008 denial of parole by the Board of Parole Hearings (the "Board"). Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1987, Petitioner was sentenced to a term of 15 years to life plus 2 years in state prison after pleading nolo contendere to second degree murder with the use of a deadly weapon. (Pet. at 2.) The Board found Petitioner unsuitable for parole after a parole suitability hearing on November 6, 2008. Petitioner sought habeas relief in the state

1 superior, appellate, and supreme courts, all of which denied relief.  Petitioner filed the
2 instant federal petition on October 13, 2009.

## DISCUSSION

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the Board has continued to "illegally use the unchanging facts of the underlying commitment offense to deny parole suitability in the advent of a significant rehabilitation without any evidence of any nexus between the facts, the crime, and a current safety risk."  (Pet. Attach. at 3.) Liberally construed, Petitioner's claim is cognizable under § 2254, as a violation of his right to due process.  The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/26/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO JIMENEZ,

        Petitioner,

  v.

C. NOLL, Warden,

        Respondent.

                              /

Case Number: CV09-04862 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/9/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Jimenez D-58095
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Dated: 3/9/10

                                              Richard W. Wieking, Clerk